UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:     Chapter 7
In Re: :
:
VLADIMIR SIFOROV a/k/a :     Case No. 10-16766-RTL
VLADIMIR N. SIFOROV :
:
   *Debtor*, :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:     Adversary Proceeding No. _____
MOSHE MEISELS, CHANI MEISELS, :
PREMIER ESTATES NY, INC., RIGHT :
MATCH, LTD., MONROE ESTATES, :
LTD., CITY POINT PROPERTIES, LTD., :
GILDA ESTATES, LTD. and SIMON :
TOV PROPERTIES, LTD., :
                Plaintiffs, :
:     **COMPLAINT TO DETERMINE THE**
VLADIMIR SIFOROV :     **NON-DISCHARGEABILITY OF DEBT**
                Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Plaintiffs Moshe Meisels, Chani Meisels, Premier Estates NY, Inc., Right Match, Ltd., Monroe Estates, Ltd., City Point Properties, Ltd., Gilda Estates, Ltd. and Simon Tov Properties, Ltd. ("Plaintiffs"), by their attorneys, the Law Offices of Jan Meyer & Associates, P.C., as and for its request for a determination that Defendant Vladimir Siforov's ("Debtor" or "Siforov") debt to Plaintiffs is nondischargeable, states and alleges as follows:

## NATURE OF ACTION

      1.    This is an adversary proceeding commenced pursuant to Federal Rules of Bankruptcy Procedure Rule 7001(6) and 7003; and 11 U.S.C. § 523(c)(1); to determine the non-dischargeability of Debtor's debt to Plaintiffs under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), 523(a)(4) and 523(a)(6).

2. Debtor was part of a conspiracy by which Eli Weinstein, ("Weinstein"), a non-party to this proceeding defrauded real estate investors including Plaintiffs of their investments, the details of which are partially being litigated in the New Jersey State Court action, *Meisels et. al. v. Weinstein et. al.*, OCN-C-14-09.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157 and the July 23, 1984 Standing Order of Reference issued by the Honorable Clarkson S. Fisher, Chief Judge of the United States District Court for the District of New Jersey, as this proceeding arises under and in the above-captioned bankruptcy case.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I).

5. Venue of this proceeding in this Court is proper pursuant to 28 U.S.C. § 1409(a) as this is an action arising in or related to a case under Title 11 of the United States Code.

## THE PARTIES AND PROCEDURAL HISTORY

6. Plaintiff Moshe Meisels ("Meisels") is an adult individual with an address of 64 Filey Avenue, London N16,6JJ, England, United Kingdom of Great Britain and Northern Ireland..

7. Plaintiff Chanie Meisels is an adult individual with an address of 64 Filey Avenue, London N16,6JJ, England, United Kingdom of Great Britain and Northern Ireland.

8. Plaintiff Right Match, Ltd. is a corporation formed under the laws of the United Kingdom of Great Britain and Northern Ireland.

9. Plaintiff Monroe Estates, Ltd. is a corporation formed under the laws of the United Kingdom of Great Britain and Northern Ireland.

10. Plaintiff City Point Properties, Ltd. is a corporation formed under the laws of the United Kingdom of Great Britain and Northern Ireland.

11. Plaintiff Gilda Estates, Ltd. is a corporation formed under the laws of the United Kingdom of Great Britain and Northern Ireland.

12. Plaintiff Simon Tov Properties, Ltd. is a corporation formed under the laws of the United Kingdom of Great Britain and Northern Ireland.

13. Plaintiff Premier Estates NY, Inc. is a corporation formed under the laws of the State of New York.

14. Vladimir Siforov is a natural person and a citizen and resident of the State of New Jersey, residing at 717 Summer Drive, Manalapan, NJ and is the Debtor in this bankruptcy case.

15. On March 9, 2010, Debtor filed a petition for bankruptcy relief, Case No. 10-16766-RTL, under Chapter 7 of the United States Bankruptcy Code (the "Petition").

## COUNT ONE – EXCEPTION TO DISCHARGE
## THE DEBT TO PLAINTIFFS IS NON-DISCHARGEABLE, AS IT WAS OBTAINED BY ACTUAL FRAUD, PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

16. Plaintiffs realleges all prior paragraphs of the Complaint as if set forth at length herein.

17. Plaintiffs, among other things, invest in real property, both in the United States and abroad.

18. In or about early 2007, Plaintiff Meisels was introduced to Weinstein, who represented that he was an owner of real properties, as well as a syndicator of investments in real properties.

19. The types of investments Weinstein presented to Plaintiff Meisels were mainly of a similar nature. They involved properties owned in some form or another (i.e., through a

corporation or LLC) by Weinstein that already had a buyer interested in purchasing the property at the time that Weinstein proposed the investment to Plaintiff Meisels.

20. Weinstein represented that if Plaintiffs invested in the property, they would share in the proceeds from the subsequent sale.

21. In fact, the "buyers" that Weinstein claimed would be purchasing the properties never had any intention, ability or desire to purchase the properties. Rather, the fake buyers were Weinstein's co-conspirators, who pretended they would be purchasing the properties to induce investors to give money to Weinstein.

22. One such fake buyer was the Debtor, Vladimir Siforov.

23. Plaintiffs invested $20 million in certain properties located in New Hampshire and Wildwood, NJ based on the Debtor's false representation that he would be purchasing the properties.

24. In fact, the Debtor had no intention of purchasing the properties, leaving Plaintiffs out the $20 million invested, which was misappropriated by Weinstein and his co-conspirators.

25. Plaintiffs filed suit against Weinstein, and his co-conspirators including the Debtor, in the New Jersey State Court action, *Meisels et. al. v. Weinstein et. al.*, OCN-C-14-09.

26. The Debtor defaulted in that action, and the Court entered a Judgment against of $22.5 million, a copy of which is attached as *Exhibit A*. Because the Court found after a proof hearing that the Debtor was involved in fraud, the Court awarded punitive damages. *Id*.

27. U.S.C. § 523(a)(2)(A) states that "A discharge under section 727…does not discharge an individual debtor from any debt --…for money, property, services, or an extension…of credit, to the extent obtained, by --…false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

28. Debtor participated in a scheme for the purposes of defrauding Plaintiffs.

29. Plaintiffs justifiably relied on Debtor's false statements to their detriment and sustained losses as the proximate result of Debtor's false statements.

30. As such, Pursuant to 11 U.S.C. § 523(a)(2)(A), Debtor's debt to Plaintiffs should be excepted from discharge.

WHEREFORE, Plaintiffs prays that this Court enter a judgment determining the Debtor's debt to Plaintiffs to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) together with such other relief as this Court deems just and proper.

Law Offices of Jan Meyer & Associates, P.C.

  /s/ Solomon Rubin
1029 Teaneck Road, 2nd Floor
Teaneck, NJ 07666
Telephone: (201) 862-9500
Facsimile: (201) 862-9400
SRubin@janmeyerlaw.com

Dated: May 5, 2010